UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**CHEYENNE M.,**[1]

    **Plaintiff,**

v.

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security,**

    **Defendant.**

Case No. 1:21-cv-3224
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Cheyenne M. for Child Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 402 *et seq.*, and for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying those applications.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court the Court reverses the Commissioner's decision and remands the matter for further proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

I.  **PROCEDURAL HISTORY**

Plaintiff filed applications for supplemental security income and child insurance benefits on August 14, 2018, and August 30, 2018, respectively, alleging that she has been disabled since January 14, 2005. R. 57–58, 78–79, 186–93.³ The applications were denied initially and upon reconsideration. R. 111–20, 128–33. Plaintiff sought a *de novo* hearing before an administrative law judge. R. 134–36. Administrative Law Judge ("ALJ") Nancy Lisewski held a hearing on February 11, 2020, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 32–56. In a decision dated April 9, 2020, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act from January 14, 2020, Plaintiff's alleged disability onset date, through the date of that decision. R. 15–27. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on January 5, 2021. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On July 6, 2021, Plaintiff consented to disposition of the matter by

---

³ Child's insurance benefits are payable to a child "of an individual entitled to old-age or disability insurance benefits, or of an individual who dies a fully or currently insured individual" under certain circumstances. 42 U.S.C. § 402(d)(1)(B). The applicable regulation further explains that an applicant is entitled to such child's benefits if:

> (1) You are the insured person's child, based upon a relationship described in §§ 404.355 through 404.359;
> (2) You are dependent on the insured, as defined in §§ 404.360 through 404.365;
> (3) You apply;
> (4) You are unmarried; and
> (5) You are under age 18; you are 18 years old or older and have a disability that began before you became 22 years old; or you are 18 years or older and qualify for benefits as a full-time student as described in § 404.367.

20 C.F.R. § 404.350(a). In the present case, Plaintiff, although now an adult, R. 26, 77–78, sought, *inter alia*, child's insurance benefits on the earnings record of her father, an insured person who is entitled to benefits. R. 78–79, 109, 203, 236, 746. A copy of her application for child's insurance benefits, however, does not appear in the record.

2

a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 11.[4] On April 20, 2022, the case was reassigned to the undersigned. ECF No. 19. The matter is ripe for disposition.

## II.   LEGAL STANDARD

### A.   Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). The United States Supreme Court has explained this standard as follows:

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

---

[4]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4. The ALJ's decision thus must be set aside if it "did not take into

account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981). Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the

record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

### B. Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Bruner v. Astrue*, No. 4:11-CV-1359, 2012 WL 5398635, at *4 (M.D. Pa. Nov. 5, 2012) ("In determining whether an applicant for adult child disability benefits and SSI benefits satisfies the definition of disability, the five-step sequential evaluation process outlined in 20 C.F.R. § 404.1520(a)(4) is used."). "The claimant bears the burden of proof at steps one through four, and the Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, then the inquiry ends because the plaintiff is not disabled.

6

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at §§ 404.1509, 416.909. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g). If the ALJ determines that the plaintiff can do so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.    ALJ DECISION AND APPELLATE ISSUES

Plaintiff was born on August 1, 1999, and was five years old—and had therefore not yet attained 22 years of age—on January 14, 2005, her alleged disability onset date. R. 17, 26. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between January 14, 2005, her alleged disability onset date, and the date of the decision. R. 17.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: attention deficit and hyperactivity disorder ("ADHD") and borderline intellectual functioning. R. 18. The ALJ also found that Plaintiff's obesity was not severe. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 19–20.

At step four, the ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels subject to certain non-exertional limitations. R. 21–26. The ALJ also found that Plaintiff had no past relevant work. R. 26.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs—*i.e.*, jobs as a sandwich maker, a laundry worker, and a park worker— existed in the national economy and could be performed by Plaintiff. *Id.* The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from January 14, 2005, her alleged disability onset date, through the date of the decision. R. 27.

Plaintiff disagrees with the ALJ's findings at steps two, three, four, and five and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Memorandum of Law,* ECF No. 15; *Plaintiff's Reply Brief*, ECF No. 18. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the

governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 17.

IV. **DISCUSSION**

Plaintiff raises several different challenges to the ALJ's decision, including, *inter alia*, that the ALJ erred in crafting an RFC that did not include all the limitations accepted by the ALJ. *Plaintiff's Memorandum of Law*, ECF No. 15, pp. 18–20; *Plaintiff's Reply*, ECF No. 18, pp. 1–2. Plaintiff specifically argues, *inter alia*, that the ALJ erred when crediting the opinion of state agency reviewing psychiatric consultant, Dorothy Holmes, Ph.D., and yet failing to account in the RFC for all the limitations articulated by this expert. *Id.*[5] This Court agrees.

A claimant's RFC is the most that the claimant can do despite her limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). At the administrative hearing stage, the administrative law judge is charged with determining the claimant's RFC. 20 C.F.R. §§ 404.1546(c), 416.946(c); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011) ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, the ALJ has a duty to consider all the evidence. *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). However, the ALJ need include only "credibly established" limitations. *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005); *see also Zirnsak v. Colvin*, 777 F.3d 607, 615 (3d Cir. 2014) (stating that the ALJ has discretion to choose whether to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not

---

[5] In reply, Plaintiff mistakenly attributes Dr. Holmes' opined social interaction restrictions to another state agency reviewing consultant, Arthur Lewy, Ph.D. *Plaintiff's Reply*, ECF No. 18, p. 1.

9

unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

In making her findings, an ALJ must evaluate all record evidence. *Plummer,* 186 F.3d at 433; *Cotter,* 642 F.2d at 704. The ALJ's decision must include "a clear and satisfactory explication of the basis on which it rests" sufficient to enable a reviewing court "to perform its statutory function of judicial review." *Cotter*, 642 F.2d at 704−05. Specifically, the ALJ must discuss the evidence that supports the decision, the evidence that the ALJ rejected, and explain why the ALJ accepted some evidence but rejected other evidence. *Id*. at 705−06; *Diaz v. Comm'r of Soc. Sec*., 577 F.3d 500, 505–06 (3d Cir. 2009); *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) ("Although we do not expect the ALJ to make reference to every relevant treatment note in a case . . . we do expect the ALJ, as the factfinder, to consider and evaluate the medical evidence in the record consistent with his responsibilities under the regulations and case law."). Without this explanation, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter*, 642 F.2d at 705; *see also Burnett v. Comm'r of Soc. Sec*., 220 F.3d 112, 121 (3d Cir. 2000) (citing *Cotter*, 642 F.2d at 705). Accordingly, "the ALJ still may choose whom to credit but 'cannot reject evidence for no reason or the wrong reason.'" *Sutherland v. Comm'r Soc. Sec*., 785 F. App'x 921, 928 (3d Cir. 2019) (quoting *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000)); *see also Nazario v. Comm'r Soc. Sec*., 794 F. App'x 204, 209−10 (3d Cir. 2019) ("We have also held that although the government 'may properly accept some parts of the medical evidence and reject other parts,' the government must 'provide some explanation for a rejection of probative evidence which would suggest a contrary disposition.'") (quoting *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994));

*Cotter*, 642 F.2d at 706–07 ("Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, . . . an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper.") (internal citation omitted).

For claims filed after March 27, 2017,[6] the regulations eliminated the hierarchy of medical source opinions that gave preference to treating sources. *Compare* 20 C.F.R. §§ 404.1527, 416.927 *with* 20 C.F.R. §§ 404.1520c(a), 416.927c(a) (providing, *inter alia*, that the Commissioner will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources"). Instead, the Commissioner will consider the following factors when considering all medical opinions: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treating examination, the frequency of examinations, and the purpose of the treatment relationship; (4) the medical source's specialization; and (5) other factors, including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c).

The regulations emphasize that "the most important factors [that the ALJ and Commissioner] consider when [] evaluat[ing] the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section)." *Id*. at §§ 404.1520c(a), 416.920c(a). As to the supportability factor, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her

---

[6] As previously noted, Plaintiff's claims were filed on August 14 and 18, 2018.

11

medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id*. at §§ 404.1520c(c)(1), 416.920c(c)(1).  As to the consistency factor, the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id*. at §§ 404.1520c(c)(2), 416.920c(c)(2).

The applicable regulations further require the ALJ to articulate her "consideration of medical opinions and prior administrative medical findings" and articulate in the "determination or decision how persuasive [he or she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." *Id*. at §§ 404.1520c(b), 416.920c(b).

In the present case, at step four of the sequential evaluation process, the ALJ found that Plaintiff had the RFC to perform "a full range of work at all exertional levels but with the following non-exertional limitations: The claimant can perform simple, routine works." R. 21. In making this determination, the ALJ considered the opinions of reviewing state agency experts, including the opinions of, *inter alios*, Dorothy Holmes, Ph.D. R. 23–24. Dr. Holmes reviewed Plaintiff's medical record upon reconsideration for the state agency on December 11, 2018. R. 79–108. In formulating Plaintiff's mental RFC, Dr. Holmes opined, *inter alia*, that Plaintiff "is capable of functioning in a work setting that involves srrt [simple, routine, repetitive tasks] and *less than significant interaction with the general public and coworkers*." R. 89 (emphasis added), 91 (same), 104 (same), 106 (same).

In her written decision, the ALJ found this opinion "somewhat persuasive" because it was consistent with and supported by the record, reasoning as follows:

12

> As for the opinion evidence, the functional assessment of State Agency psychiatric consultants, Arthur Lewy, Ph.D. and Dorothy Holmes, Ph.D. who opined the claimant is capable of completing basic tasks at a steady pace during workdays and work weeks consistent with simple, routine tasks and *less than significant interaction with the general public and coworkers are somewhat persuasive as it is consistent and supported*, as outlined above. Further, their proposed limitations are also generally consistent with the findings of the consultative psychiatrists, discussed below (1F, 2F). As such, the undersigned finds the functional assessments somewhat persuasive with the totality of the evidence.

R. 23–24 (emphasis added). Plaintiff argues that, although the ALJ accepted Dr. Holmes' opined social interaction limitations by finding them consistent and supported by the record and "somewhat persuasive," the ALJ nevertheless failed to incorporate into the RFC any limitation on social interaction. *Plaintiff's Memorandum of Law*, ECF No. 15, p. 19; *Plaintiff's Reply*, ECF No. 18, pp. 1–2. Plaintiff further argues that the ALJ's failure to explain this omission leaves subsequent reviewers, including this Court, unable to follow the ALJ's reasoning. *Id*. The Acting Commissioner acknowledges the state agency opined limitations, including the limitation on social interaction, but merely responds generally that "the ALJ reasonably limited Plaintiff to simple, routine work (Tr. 21)." *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 17, pp. 23–24.

The Court concludes that this issue requires remand. *Jones v. Berryhill*, No. CV 17-119-E, 2018 WL 4627296, at *3 (W.D. Pa. Sept. 26, 2018) (remanding action where, *inter alia*, although the ALJ gave some weight to the findings and opinion of a consultative psychologist, the ALJ did not include in Plaintiff's RFC any accommodations regarding certain limitations and, "[a]lternatively, the ALJ does not explain why he found no need to include any such limitations in social functioning in Plaintiff's RFC"). A fair reading of the ALJ's decision suggests that the ALJ accepted even that portion of Dr. Holmes' opinion that Plaintiff must have "less than significant interaction with the general public and coworkers," yet the ALJ ultimately

13

did not include in Plaintiff's RFC any limitation on social interaction. R. 21, 23–24. Notably, the ALJ never explained her determination in this regard. *Id*. Although an ALJ is free to consider the medical opinions in the record and to determine whether and to what extent those opinions are to be credited, an ALJ must in all events explain her reasoning in that regard. *Cotter*, 642 F.2d at 704–05; *Fargnoli,* 247 F.3d at 42; *Morales*, 225 F.3d at 317; *see also Jones,* 364 F.3d at 505 (providing that an ALJ's decision must contain "sufficient development of the record and explanation of findings to permit meaningful review"). Where, as here, the ALJ initially appeared to accept the social restriction articulated by Dr. Holmes, but then ultimately excluded that restriction from the RFC, the Court cannot, in the absence of some explanation by the ALJ, conclude that substantial evidence supports the ALJ's RFC determination. *See Cotter*, 642 F.2d at 704–05; *Fargnoli,* 247 F.3d at 42; *Morales*, 225 F.3d at 317; *Sutherland*, 785 F. App'x at 928; *Sanford v. Comm'r of Soc. Sec*., No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014) ("The Third Circuit has held that access to the Commissioner's reasoning is [ ] essential to a meaningful court review.") (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

This Court concludes that remand of the matter for further consideration is appropriate even if, upon further examination of these issues, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin*., No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec*., No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional

Case 1:21-cv-03224-NMK   Document 20   Filed 12/27/22   Page 15 of 15 PageID: 1369

assessment from Dr. Marks."). The Court therefore concludes that the decision of the Commissioner must be reversed, and the matter must be remanded to the Commissioner for further consideration of this issue.[7]

## V.   CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  December 27, 2022                    *s/Norah McCann King*
                                            NORAH McCANN KING
                                            UNITED STATES MAGISTRATE JUDGE

---

[7] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Dr. Holmes' opinion and the RFC, the Court does not consider those claims. The Court further notes that, upon remand, the ALJ should also consider what, if any, limitations regarding interaction with supervisors are appropriate. *See Grinolds v. Colvin*, No. 15-30, 2015 WL 5178184, at *2 (W.D. Pa. Sept. 4, 2015) ("The public, supervisors, and co-workers are distinct groups, and are separately addressed on the mental RFC forms. Thus, limitations on one type of interaction in the RFC does not account for limitations on the others.").